IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **PARK CITYZ REALTY,** a Utah limited liability company; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**ARCHOS CAPITAL, LLC,** a Delaware limited liability company; et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00522-JCB<br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Magistrate Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiffs Park Cityz Realty, LLC and John M. Kim's (collectively, "Plaintiffs") short form discovery motion for sanctions.[2] The court held oral argument on the motion on June 4, 2021, at which the court took the motion under advisement.[3] After carefully considering the parties' written submissions and counsels' oral arguments, the court renders this Memorandum Decision and Order on the motion in which Plaintiffs' motion is granted in part and denied in part.

---

[1] ECF No. 18.

[2] ECF No. 41.

[3] ECF No. 44.

## BACKGROUND

On February 5, 2021, Plaintiffs properly noticed Defendant Victoria Howard's ("Ms. Howard") deposition for March 2, 2021, at 9:00 a.m. Nearly three weeks later, on February 25, 2021, Ms. Howard's counsel requested that Ms. Howard's deposition be rescheduled to accommodate her inability to miss work. Subsequently, Ms. Howard's counsel and Plaintiffs' counsel exchanged email correspondence about rescheduling Ms. Howard's deposition. Because counsels' efforts to reschedule the deposition were unsuccessful, Plaintiffs' counsel eventually notified Ms. Howard's counsel on February 28, 2021, that Ms. Howard's deposition would be going forward as scheduled on the virtual Zoom platform.

Approximately two hours before Ms. Howard's deposition was to begin via Zoom on March 2, 2021, Ms. Howard filed a short form discovery motion seeking to have her deposition rescheduled.[4] Nevertheless, Plaintiffs' counsel appeared for Ms. Howard's deposition. Although Ms. Howard's counsel appeared, Ms. Howard did not. Later that same day, Plaintiffs responded to Ms. Howard's motion,[5] and the court scheduled a hearing on the motion for March 4, 2021.[6]

Just prior to the hearing, Ms. Howard's counsel notified the court that the hearing was not necessary because Ms. Howard's deposition had been rescheduled. Accordingly, the court entered an order finding Ms. Howard's motion moot.[7] Although Plaintiffs agreed with Ms.

---

[4] ECF No. 33.

[5] ECF No. 34.

[6] ECF No. 35.

[7] ECF No. 37.

Howard that the specific request in her motion had been rendered moot, Plaintiffs reserved the right to seek sanctions against Ms. Howard for her failure to appear at her properly noticed March 2nd deposition.[8] Any issues regarding the propriety of the motion for protective order were resolved before the hearing and, therefore, were terminated as moot.

Ms. Howard appeared for her rescheduled deposition via Zoom on March 10, 2021, where she admitted that she knew of her scheduled March 2nd deposition by mid-February 2021. Ms. Howard also testified that she never attempted to get time off work to attend her deposition. Although she stated that the school was not allowing "personal leave and personal development leave" she also stated that her "main reason" for not attending her March 2nd deposition was that she did "not want to be out of class. . . . I did not want to miss work."

Plaintiffs later filed their short form discovery motion for sanctions, in which they seek approximately $11,000.00 in expenses for Ms. Howard's failure to appear at her deposition.[9] Ms. Howard opposes that motion.[10]

## ANALYSIS

One commentator noted that conduct in discovery can be described using a bullseye approach with three rings.[11] Under that model, the first or outer ring of the bullseye "consists of

---

[8] During oral argument, Ms. Howard's counsel confirmed that Plaintiffs had reserved the right to seek sanctions against Ms. Howard for failure to appear at her deposition.

[9] ECF No. 41.

[10] ECF No. 43.

[11] Steven S. Gensler, *A Bull's-Eye View of Cooperation in Discovery*, 10 Sedona Conf. J. 363 (2009).

what one might term 'mandatory' cooperation–that is to say, the cooperation that is required by the Federal Rules."[12]  "The second and third categories both consist of voluntary cooperation," with the second ring representing the "parties agreeing to do things in discovery because they think the court would order them to do those things if the matter were litigated," and the third category, or "bullseye," consisting of the "parties agreeing to do things in discovery in order to expedite and facilitate the discovery process."[13]

Although the court applauds efforts to keep discovery cooperation on the bullseye, when the court is faced with a dispute in which the parties do not reach agreement, the court must function at the outer ring of the bullseye.  In other words, the court must strictly apply the relevant Federal Rules of Civil Procedure to determine the outcome of Plaintiffs' short form discovery motion for sanctions.

Fed. R. Civ. P. 37(d)(1)(A)(i) provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition."  To avoid sanctions for failing to appear for an allegedly objectionable deposition, a party may rely on DUCivR 26-2(b), which provides:

> A party or a witness may stay a properly noticed oral deposition by filing a motion for a protective order or other relief by the third business day after service of the notice of deposition.  The deposition will be stayed until the motion is determined.  Motions filed after the third business day will not result in an automatic stay.

---

[12] *Id*. at 365.

[13] *Id*.

If an automatic stay is not obtained under that rule, a properly noticed deposition goes forward as scheduled. If a party fails to appear at such a deposition, the sanctions a court may impose include requiring "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[14]

No party disputes that: (1) Ms. Howard's March 2, 2021 deposition was properly noticed; (2) Ms. Howard failed to file a timely motion for protective order under DUCivR 26-2(b) and, therefore failed to obtain an automatic stay of her deposition; and (3) Ms. Howard did not appear for her March 2nd deposition. Thus, under Rule 37, Plaintiffs are entitled to an award of reasonable expenses against Ms. Howard, her counsel, or both, unless Ms. Howard's failure to appear at her deposition was substantially justified, or other circumstances make an award of sanctions unjust.[15] As explained below: (1) Plaintiffs are entitled to an award of reasonable expenses because Ms. Howard's failure to appear at her deposition was not substantially justified, and there are no other circumstances that would make such an award unjust; (2) Ms. Howard—not her counsel—must pay the award; and (3) Plaintiffs are not entitled to the full amount of the award they seek. For those reasons, Plaintiffs' short form discovery motion for sanctions is granted in part and denied in part.

---

[14] Fed. R. Civ. P. 37(d)(3).

[15] Fed. R. Civ. P. 37(a).

**I. Ms. Howard's Failure to Appear at Her Deposition Was Not Substantially Justified, and There Are No Other Circumstances That Would Make an Award of Reasonable Expenses Unjust.**

Ms. Howard's failure to appear at her deposition was not substantially justified. A party's litigation position is substantially justified "if it has a reasonable basis in both law and fact."[16] Ms. Howard has not proffered a reasonable basis on either ground to justify denying an award of reasonable expenses to Plaintiffs. As indicated above, Ms. Howard's deposition was properly noticed, and she did not timely file a motion for protective order under DUCivR 26-2(b) to obtain an automatic stay of her deposition. As such, she was legally required to attend the deposition. Ms. Howard likewise fails to establish a factual justification for failing to attend. Indeed, she testified at her deposition that she was aware of her deposition well in advance of its properly noticed date and time, never attempted to get time off work to attend, and did not ask about her employer's policy for obtaining time off work to attend a *legal* proceeding as opposed to a personal or professional obligation. In fact, she said that her "main reason" for not asking is that she did "not want to be out of class." Accordingly, Ms. Howard's failure to attend her deposition was not substantially justified.

---

[16] *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993). Where, as here, Fed. R. Civ. P. 37 employs the same term of art as the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), for the same purpose of awarding costs and attorney fees, the court borrows from EAJA jurisprudence to determine substantial justification. *Lawson v. FMR LLC*, 571 U.S. 429, 459 (2014) ("[P]arallel text and purposes counsel in favor of interpreting . . . provisions consistently."); *Northcross v. Bd. of Educ. of Memphis City Sch.*, 412 U.S. 427, 428 (1973) (per curiam) (stating that when two provisions of different statutes share similar language, that is a "strong indication" they are to be interpreted consistently); *Morissette v. United States*, 342 U.S. 246, 263 (1952) (explaining that "where Congress borrows terms of art," it also borrows their meaning).

Ms. Howard also fails to demonstrate any circumstances that would make an award of reasonable expenses unjust. Although she correctly asserts that her deposition did eventually occur, that does not excuse her failure to attend her properly noticed March 2nd deposition. For those reasons, Ms. Howard's failure to attend her deposition was not substantially justified, and there are no other circumstances that would make an award of reasonable expenses unjust. Therefore, Plaintiffs are entitled to an award of expenses including attorney's fees.

**II. Ms. Howard Must Pay the Award of Reasonable Expenses.**

Given Ms. Howard's testimony at her deposition referenced above, she must pay the award of reasonable expenses. Indeed, despite having advance knowledge of her properly noticed deposition, she did not attempt to seek time off work and simply chose not to attend. Although she stated in her deposition that her school was neither approving personal leave nor time off for professional development, being compelled to appear in a legal proceeding is clearly a different reason for seeking leave than needing a spa day, for example, or wanting to get some additional vocational training. Indeed, the court is hard pressed to imagine Ms. Howard's school requiring her to teach even though she had been summoned to a deposition during school hours and would face sanctions if she failed to appear. Unfortunately, we will never know what the school would have said because Ms. Howard never asked. The court certainly appreciates Ms. Howard's and other teachers' dedication to their students especially during a pandemic, but not wanting to be out of class was a risk that Ms. Howard—not her attorney—took. Accordingly, Ms. Howard should pay Plaintiffs' reasonable expenses that her failure to appear caused.

### III. Plaintiffs Are Not Entitled to the Full Amount of Reasonable Expenses They Seek.

Although the court concludes that Plaintiffs are entitled to an award of reasonable expenses, the court will not award all the expenses they seek because they are outside of the rules. Fed. R. Civ. P. 37(d)(3) allows the court to award "reasonable expenses, including attorney's fees, *caused by the failure*."[17] Plaintiffs' $11,000.00 request asks for much more than those expenses "caused by" Ms. Howard's failure to appear at her March 2nd deposition. Plaintiffs' request includes the expenses of Plaintiffs' counsel preparing for the deposition. Plaintiffs' deposition preparation was not "caused by" her failure to appear because counsel's preparation time occurred days before. In any event, even if the court could find that counsels' pre-deposition preparation was "caused by" Ms. Howard's failure to appear, that expense is mitigated because Plaintiffs took Ms. Howard's deposition a few days later and, undoubtedly, received the benefit of their prior preparation during the rescheduled deposition. Therefore, counsels' deposition preparation costs are not allowed.

Plaintiffs also seek the costs related to opposing Ms. Howard's motion for protective order, but this expense was not caused by her failure to appear. It was caused by her untimely motion, and fees for such motions are governed under Rule 37(a)(6) not Rule 37(d). Moreover, Plaintiffs agreed to moot Ms. Howard's motion for protective order, which ended the possibility of attorney fees for filing the untimely motion. Consequently, Plaintiffs cannot now "un-moot" that motion now to obtain fees. Moot means moot and, in this instance, no fees.

---

[17] (Emphasis added).

At the same time, the court awards Plaintiffs' requested expenses for the costs of the court reporter for Ms. Howard's missed deposition because those costs were clearly incurred because of Ms. Howard's failure to appear. The court also awards Plaintiffs some of the costs expended in connection with their instant short form discovery motion for sanctions. Specifically, Plaintiffs are entitled to reasonable costs associated with preparing and filing the 500-word motion and for counsel's time during oral argument on the motion because those costs would not have occurred but for Ms. Howard's failure to attend her deposition. Although two attorneys appeared on Plaintiffs' behalf at the hearing, the court awards only those costs associated with the attorney who presented oral argument (i.e., Benjamin S. White, Esq.). The second attorney's attendance, though welcome, is not directly caused by Ms. Howard's failure to appear but by the firm's decision to have counsel observe the argument.[18]

As for the specific amount of the award, within 14 days of the date of this Memorandum Decision and Order, Plaintiffs shall submit to Ms. Howard an affidavit and cost memorandum detailing the amount of the above-referenced award. The parties shall then have 14 days to

---

[18] Ms. Howard argues that Plaintiffs did not need to incur court reporter and attorney attendance costs when correspondence between counsel clearly stated that Ms. Howard would not appear. This misses the point, however, because, under the rules, once a party properly serves a deposition notice, it is entitled to proceed unless the deponent timely seeks a protective order. Given Ms. Howard's failure to seek a protective order until two hours before the deposition, it was too late to call off the court reporter without incurring potential problems for booking the reporter's time. Additionally, Ms. Howard's claim that she waited so long to file her motion for protective order because she was trying to renegotiate with counsel is unavailing. Timely filing a motion for protective order would not have prejudiced her ability to continue negotiating with opposing counsel to set a new date. Ms. Howard's undue delay in seeking protection from the deposition notice accounted for that problem and, therefore, is something for which she should pay. She does not get the benefit of failing to comply with a deposition notice in a manner that the Federal Rules of Civil Procedure do not authorize.

attempt to stipulate to the amount of the award. If the parties can agree upon the amount, Ms. Howard shall pay the stipulated expenses award to Plaintiffs within 14 days of making the agreement. If the parties are unable to agree on the amount, Plaintiffs shall promptly file their affidavit and cost memorandum with the court. Ms. Howard may file any response up to and including 7 days after Plaintiffs' affidavit is filed. Upon receipt of any such submissions, the court will determine the amount of the expenses award.

Although the court takes no pleasure in imposing costs on Ms. Howard, the court hopes that counsel on both sides of this dispute can assist their clients to aim for the bullseye instead of trying to play on the outer ring of the target. Whereas cooperation saves time, money, and hassle for all parties, insisting on playing on the outer ring of the target requires more attorney time, which means more money, and runs the risk of sanctions, which no court enjoys imposing and no attorney or party enjoys paying. The court sincerely hopes that the parties will start aiming for the bullseye instead of for each other.

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Plaintiffs' short form discovery motion for sanctions[19] is GRANTED IN PART and DENIED IN PART.

2. Plaintiffs are awarded reasonable expenses against Ms. Howard as detailed above.

---

[19] ECF No. 41.

3. Within 14 days of the date of this Memorandum Decision and Order, Plaintiffs shall submit to Ms. Howard an affidavit and cost memorandum detailing the award to which they believe they are entitled.

4. The parties will be provided with 14 days thereafter to attempt to stipulate to amount of the expenses award.

5. If the parties can stipulate to the amount, Ms. Howard shall pay the stipulated expenses award to Plaintiffs within 14 days after agreement is reached.

6. If the parties are unable to stipulate to the amount, Plaintiffs shall promptly file their affidavit and cost memorandum with the court. Ms. Howard shall have 7 days thereafter to file any response. Upon receipt of any such submissions, the court will determine the amount of the expenses award.

IT IS SO ORDERED.

DATED June 25, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge