FILED
2021 SEP 15 PM 12:17
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **PARK CITYZ REALTY, LLC, a Utah limited liability company; et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARCHOS CAPITAL, LLC, a Delaware limited liability company; et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:20-cv-00522-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

  Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiffs Park Cityz Realty, LLC and John M. Kim's (collectively, "Plaintiffs") memorandum of costs,[2] which seeks to fix the amount of a sanctions award previously imposed by the court in favor of Plaintiffs and against Defendant Victoria Howard ("Ms. Howard"). Based upon the analysis set forth below, the court intends to sanction Plaintiffs and their counsel by reducing the sanctions award to zero.

---

[1] ECF No. 18.

[2] ECF No. 51.

## BACKGROUND

On May 11, 2021, Plaintiffs filed a motion for sanctions in response to Ms. Howard's failure to appear at a properly noticed deposition.[3] After the court struck Plaintiffs' motion for being noncompliant with DUCivR 37-1(a)(3) and 37-1(a)(4),[4] Plaintiffs refiled a short form discovery motion on May 21, 2021.[5] Plaintiffs asked the court to impose sanctions against Ms. Howard in the amount of $11,636.40. Ms. Howard opposed the motion.[6] During oral argument on Plaintiffs' motion held on June 4, 2021, the court expressed great doubt as to the reasonableness of imposing $11,636.40 in sanctions for a missed deposition that was conducted over Zoom. The court took the issue under advisement and, on June 25, 2021, issued an order granting in part and denying in part Plaintiffs' short form discovery motion for sanctions.[7]

The court's order imposed sanctions but found Plaintiffs' request for over $11,000 unreasonable.[8] The court held that Plaintiffs were not entitled to the full amount of expenses that they sought because the full amount included costs that were not "caused by" Ms. Howard's failure to appear, as Fed. R. Civ. P. 37(d)(3) requires.[9] Specifically, the court held that all "costs related to opposing Ms. Howard's motion for protective order," costs for "preparation time"

---

[3] ECF No. 38.

[4] ECF No. 39.

[5] ECF No. 41.

[6] ECF No. 43.

[7] ECF No. 47.

[8] *Id*. at 8.

[9] *Id*.

which "occurred days before" the missed deposition, and costs associated with the firm's decision to have additional counsel work on an assignment, were costs not incurred *because of* Ms. Howard's absence.[10] The court delineated *reasonable* expenses *caused by* Ms. Howard's failure to appear, as follows: (1) the costs of the court reporter; (2) the costs "associated with preparing and filing the 500-word motion"; and (3) the costs of one attorney's attendance at oral argument on the motion.[11] The court ordered Plaintiffs to send to Ms. Howard, within 14 days of the order, a cost memorandum detailing the amount of the award.[12] Thereafter, the parties had 14 days to stipulate to the amount of the expenses awarded.[13] In the event that the parties could not stipulate, the court ordered Plaintiffs to promptly file a cost memorandum with the court.[14] The court further ordered that Ms. Howard would have 7 days thereafter to file any response.[15]

The parties were unable to stipulate to the sanction amount, and, on July 27, 2021, Plaintiffs filed a memorandum of costs.[16] In this memorandum of costs, Plaintiffs now ask the court to award sanctions in the amount of $14,365.80, which is $2,729.40 more than what the court already said was unreasonable. On August 4, 2021, Ms. Howard filed an objection to

---

[10] *Id.* at 8-9.

[11] *Id.* at 9.

[12] *Id.*

[13] *Id.* at 9-10.

[14] *Id.* at 10.

[15] *Id.*

[16] ECF No. 51.

Plaintiffs' memorandum of costs.[17] Ms. Howard objects to the total number of hours expended on drafting and arguing a 500-word motion, as well as to the attorneys' billing rates. Ms. Howard proposes an award of sanctions in the amount of $3,426.90.

## ANALYSIS

As this court's predecessor on the bench, the Honorable Paul M. Warner, frequently stated, "pigs get fat, hogs get slaughtered."[18] Plaintiffs' memorandum of costs demonstrates the veracity of this ominous proverb. Although Fed. R. Civ. P. 37(d)(3) provides that the court may order sanctions where a party fails to appear at a properly noticed deposition, so too may a court use its inherent authority to sanction a party for "bad-faith conduct that abuses the judicial process."[19] Indeed, the district court has "wide discretion in matters of sanctions."[20] In tandem with the court's inherent authority to impose sanctions for a party's bad-faith conduct, a court may also impose sanctions against counsel under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings.

---

[17] ECF No. 55.

[18] *Koengeter v. W. Wats Ctr., Inc.*, No. 2:09cv494, 2011 WL 13364426, at *1 (D. Utah July 21, 2011).

[19] *Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 858 (10th Cir. 2018) ("[A] court may impose sanctions 'by means of . . . inherent power' . . . ." (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991))); *Helget v. City of Hays, Kan.*, 844 F.3d 1216, 1226 n.6 (10th Cir. 2017) ("Federal courts possess the inherent powers necessary 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,' including imposing appropriate sanctions." (quoting *Chambers*, 501 U.S. at 43, 49)); *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1257 (10th Cir. 2015) ("A district court's inherent power to sanction . . . authorizes sanctions for wide-ranging conduct constituting an abuse of process.").

[20] *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1207 (10th Cir. 2008).

As explained below, the court intends to impose sanctions against Plaintiffs under the court's inherent authority and/or against Plaintiffs' counsel under § 1927. At the same time, the court recognizes that Plaintiffs and their counsel must be given the requisite notice and an opportunity to be heard before the court can impose any such sanctions. The court provides its tentative ruling on each issue below to which Plaintiffs and their counsel must respond.

I.      **Inherent Authority**

A court may use its inherent authority to sanction conduct *sua sponte* when a party acts in bad faith or in willful violation of a court order.[21] Here, Plaintiffs act in bad faith by willfully ignoring the court's sanctions order.

In its order, this court delineated three categories of reasonable costs for sanctions and ordered Plaintiffs to calculate sanctions accordingly. Importantly, the court explicitly rejected as reasonable all "costs related to opposing Ms. Howard's motion for protective order," costs for "preparation time" that "occurred days before" the missed deposition, and costs associated with the firm's decision to have additional counsel work on an assignment.[22] Indeed, the court stated that these costs were not "caused by" Ms. Howard's failure to appear, as Fed. R. Civ. P. 37(d)(3) requires. Flying in the face of the court's order, Plaintiffs include in their cost memorandum expenses for: "complex legal research regarding . . . [Ms. Howard's] motion for protective

---

[21] *Lundahl v. Halabi*, 600 F. App'x 596, 607 (10th Cir. 2014); *see also Entrata, Inc. v. Yardi Sys., Inc.*, No. 2:15-cv-00102, 2019 WL 937346, at *13 (D. Utah Feb. 26, 2019) (imposing sanctions on a party that "repeatedly acted in bad faith" in delaying the proceedings); *Sevier v. Hickenlooper*, No. 17-cv-1750-WJM-NYW, 2018 WL 472454, at *4 (D. Colo. Jan. 18, 2018) (imposing sanctions after "flagrant, intentional, and repeated violations of the Court's Orders").

[22] ECF No. 47 at 8-9.

order"; over 12 hours of preparation conducted in the days leading up to the March 2 deposition; and the firm's decision to have two partners review and revise the short form motion for sanctions.[23] Plaintiffs willfully ignore the court's express, repeated order to include *only* those costs clearly incurred *because of* Ms. Howard's failure to appear. Indeed, rather than follow the court's clear statement that their request for fees over $11,000 was excessive, Plaintiffs now ask the court to award over $14,000 for one missed deposition. If a request for $11,000 in sanctions was, as the court stated in its order, "much more than" what could be considered reasonable,[24] then a subsequent request to impose $2,729.40 more than the unreasonable amount is beyond the pale. Plaintiffs act in the teeth of what they know the court will not award. Because Plaintiffs' course of conduct manifests bad faith and willful violation of the court's order, the court intends to use its inherent authority to impose sanctions against Plaintiffs *sua sponte*.

## II.     § 1927

In addition to the court's inherent authority to impose sanctions, the court may rely on authority found in § 1927 to sanction counsel. Pursuant to § 1927, a court may impose sanctions against counsel who "multipl[y] the proceedings in any case unreasonably and vexatiously."[25] Broadly speaking, a court may impose § 1927 sanctions against an attorney who acts "'recklessly or with indifference to the law'" or to one's "duties to the court," or "'act[s] in the teeth of what

---

[23] ECF No. 51-1 at 2, 5.

[24] ECF No. 47 at 8.

[25] 28 U.S.C. § 1927; *see also Hamilton*, 519 F.3d at 1205 (providing that § 1927 was designed "to compensate victims of abusive litigation practices").

6

[one] knows to be the law.'"[26] Specifically, sanctionable conduct under § 1927 includes "repeating arguments previously rejected by the court."[27]

Plaintiffs' counsel's conduct is sanctionable under § 1927. Plaintiffs' counsel unreasonably and vexatiously multiply the proceedings insofar as they repeat arguments previously rejected by the court. As stated in Part A., Plaintiffs' counsel ask for an award of costs that includes costs incurred for reasons *other than* Ms. Howard's missed deposition. But the court already, in no uncertain terms, explained to Plaintiffs' counsel that such costs would not and could not be awarded, for they are antithetical to the terms of Fed. R. Civ. P. 37(d)(3). Plaintiffs' counsel unreasonably and vexatiously multiply the proceedings by asserting expenses that this court previously rejected.

### III.   Notice and Opportunity to Be Heard

As demonstrated above, the court intends to impose sanctions against Plaintiffs under the court's inherent authority and/or against Plaintiffs' counsel under § 1927. Rather than directly award Ms. Howard sanctions for Plaintiffs' and their counsel's conduct, the court, under its wide discretion in determining sanctions, intends to reduce the originally ordered sanctions award in favor of Plaintiffs to zero. This seems like a fitting sanction given that Plaintiffs and their counsel could have behaved like the proverbial pig and asked for a reasonable amount based on the court's order, which Plaintiffs would have received. Instead, Plaintiffs and their counsel acted like the proverbial hog, which, in this court's view, should slaughter Plaintiffs' claim for fees.

---

[26] *Braley v. Campbell*, 832 F.2d 1504, 1511-12 (10th Cir. 1987) (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)).

[27] *Id.* at 1513 (citing *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 228 (7th Cir. 1984)).

However, whenever a court intends to impose sanctions under its inherent authority and § 1927, the court must give the sanctioned party and counsel notice and an opportunity to be heard.[28] Therefore, to provide for that notice and opportunity to be heard, Plaintiffs and their counsel shall file brief consisting of no more than ten pages total by September 29, 2021, explaining why the court should not sanction them for their conduct.

IT IS SO ORDERED.

DATED September 15, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[28] *Wright v. CompGeeks.com*, 429 F. App'x 693, 698 (10th Cir. 2011) ("[T]he court cannot impose sanctions under its inherent powers without providing notice and an opportunity to respond . . . ." (citing *Chambers,* 501 U.S. at 50; *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767 (1980))); *Braley,* 832 F.2d at 1513 ("When a court imposes sanctions under § 1927 or any other authority, . . . the person sanctioned is entitled to notice and opportunity to be heard . . . .").